## McDermott v. Melburn Truck Lines, Ltd.

*Richard H. Roesgen*, for plaintiffs.
*John C. Youngman*, for defendants.

RAUP, *J.*, August 27, 1975—Petitioner seeks reinstatement of this action which was terminated as an inactive case by order of this court dated April 9, 1974.

Rule 1901 of the Rules of Judicial Administration promotes the prompt disposition of civil actions and the termination of inactive cases. It provides specifically for termination of stale cases by local rule after notice:

"(2) By publication in the manner provided by rule of court in the legal newspaper designated by rule of court for the publication of legal notices in any case...where the docket of the matter shows no evidence of activity during the previous two years. Any matter terminated after notice by publication pursuant to this paragraph may be reinstated by the court after dismissal upon written application for good cause shown."

Pursuant to this rule, this court entered an order on December 12, 1973, which provided:

"The Prothonotary shall list for general call at the civil argument court of March 12, 1974, all civil matters in which no steps or proceedings have been taken for two years or more prior thereto and shall

give notice thereof to counsel of record, and to the parties for whom no appearance has been entered, as provided by Pa. R.J.A. No. 1901(c). If no action is taken or no written objection is docketed in such a matter prior to the commencement of the general call, the Prothonotary shall strike the matter from the list and enter an order as of course dismissing the matter with prejudice for failure to prosecute, under the provisions of this rule. If no good cause for continuing a matter is shown at the general call, an order shall be entered forthwith by the court for dismissal."

A listing appeared in the Lycoming Reporter on February 15, 1974, of the hundreds of inactive cases proposed to be terminated. The notice was accompanied by the following explanatory note:

"The cases are listed with the number and term, principals, type of case, date of last entry, type of entry, defendant's counsel, plaintiff's counsel."

Included in the listing of February 15, 1974, was the instant case. That notice, together with the immediately preceding and succeeding cases, appeared in this form:

"71-0168 Danley vs. Danley; Div., 3/30/71. Order of Court. FIERRO & MIELE: none

"71-0178 Fierro vs. Pringle Pontiac, Inc.; Assum. 1/5/72. Plaintiff's Brief. FIERRO al; CAMPANA al

"717-0179 McDermott vs. Melburn Truck Lines; Tres. 8/31/71. Sher. Return ROUSE; CANDOR al; GREEVY al

"71-0181 Stroup vs. Shaner; Tres. 1/27/71. Sher. Return. FIERRO & MIELE: none

"71-0186 Allen vs. Allen. 1/21/17. Order of Crt. STUART al; none

"71-0211 St. James vs. King; Tres. 2/3/71. Sher. Return. FINE al; none"

At the civil argument court of March 12, 1974, the parties were given an opportunity to request that particular cases not be terminated. No such request was made with respect to this matter and on April 9, 1974 it, together with a multitude of other cases, was terminated with prejudice.

Petitioners acknowledge that this matter was inactive for more than two years preceding March 12, 1974. However, a full year after the termination order and more than three years since the last activity in this case, petitioners filed this motion to reinstate, asserting that the notice contained in the Lycoming Reporter of February 15, 1974 was fatally defective in several respects:

(1) The case number was incorrect (717-0179, instead of 71-0179). The error was obviously of a typographical nature, as a simple glance at the preceding and succeeding cases will illustrate. The preceding number was 71-0178, the following number 71-0181. The preliminary digits represent the year of the case, and the numbers after the hyphen represent the particular case number. The addition of the extra "7" could have misled no one. Nor is there an allegation that petitioners' counsel was so misled.

(2) The notice did not contain the full names of any of the petitioners.

Nor were the full names of parties listed in any of the hundreds of other cases listed! The names given accurately characterize the case, and in combination with the number of the case and attorneys' names, provide adequate notice of the identity of the case.

When the Pennsylvania Supreme Court, through

its rules, permitted notice of prospective termination in the legal newspaper, it could not have anticipated that such notice would reach the particular party directly; on the contrary, the notice is addressed to counsel of record, as is the case with service of nearly all papers in civil litigation after initial process.

(3) The date of last entry was incorrectly stated as August 31, 1971, instead of January 17, 1972.

The entry of January 17, 1972, was a sheriff's return. Petitioners do not contend that this entry affected the inactive status of the case.

The critical issue is whether petitioners, through their counsel, were notified of the identity of the case listed. As stated previously, the combination of the number of the case, the characterization of the parties and the names of counsel, identifies the case; the date of last entry illustrates the extent of inactivity in the case. An error with respect to this date, so long as both the correct and erroneous dates were more than two years prior to the proposed termination date, would not, in our judgment, affect the quality of the notice.

(4) Petitioners' counsel was listed in the place of defense, not plaintiffs' counsel.

It is true that the explanatory note in the Lycoming Reporter indicated that, contrary to the order in which the parties are ordinarily listed, defense counsel were to be listed first. However, petitioners' counsel was, in fact, listed first, followed by each defense firm.

The fact that petitioners' attorney's name appeared in bold print, put him on notice that he represented one of the parties. In combination with the number and characterization of the case, he was adequately notified of the identity of the action.

(5) Counsel was simply identified as "ROUSE," when there were two attorneys by that last name practicing as members of the bar of this county.

In nearly all of the hundreds of cases listed for termination, attorneys were identified by the last name of the first attorney in the particular firm. It was considered that such notice would place the entire firm on notice that a member was counsel of record, and this assumption would seem to be a reasonable one. The exercise of a reasonable degree of diligence would lead a member of a firm to discover whether his case was listed for termination.

Petitioners' attorney, Dorland F. Rouse, was at all material times engaged in law practice with his father, W. Dorland Rouse, under the firm name of Rouse & Rouse. By listing the name "ROUSE," both attorneys were adequately notified that one of them was counsel in the case.

The court must be mindful of the need to enforce, with reasonable firmness, the policy behind Rule of Judicial Administration 1901, to "foster elimination of stale cases from the judicial system where the parties have failed to proceed." The court has discretionary power to reinstate terminated actions where good cause is shown. But no such cause has been shown in this case. Since April 1974, defendants have reasonably assumed that the action was concluded and the file could be closed. They have presumably stopped their efforts to preserve or muster evidence upon which they would have relied in the event of trial.

It may be that this action was terminated without fault or knowledge of petitioners because of a want of diligence on the part of their attorney of record. If such is the case, we are sympathetic to their dilemma; but they are not without their remedy.

We hold that the notice of proposed termination given in this case was adequate, and no good cause has been shown to permit reinstatement of the action.

### ORDER

And now, August 27, 1975, plaintiffs' petition to reinstate the cause is denied.